UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

BASALITE CONCRETE PRODUCTS, LLC, a Nevada Limited Liability Company,

    Plaintiff,

v.

KEYSTONE RETAINING WALL SYSTEMS, INC, a Minnesota Corporation,

    Defendant.
_____/

NO. CIV. 2:10-2814 WBS KJN

<u>ORDER RE: EVIDENTIARY HEARING</u>

----oo0oo----

    Plaintiff Basalite Concrete Products, LLC, filed this action against defendant Keystone Retaining Wall Systems, Inc., arising from a contract granting plaintiff the right to manufacture and sell defendant's retaining wall system blocks. Defendant moves to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or 28 U.S.C. § 1406(a) because of a forum selection clause designating Hennepin County, Minnesota, as the proper forum or to dismiss pursuant to the

1

first-to-file rule because of a previously filed action in the United States District Court for the District of Minnesota. In the alternative, defendant moves to transfer the action to the District of Minnesota pursuant to § 1406(a). (Docket No. 13.)

The court heard oral arguments on the motions on December 6, 2010. Plaintiff argues that enforcement of the forum selection clause would violate the public policy of California because California law voids forum selection clauses in franchise agreements and could cause a court in another state to apply law contrary to California's franchise law. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (holding that the forum selection clause in a California franchise agreement was unenforceable under federal law because of California's strong public policy against forum selection clauses in franchise agreements); see also Cal. Bus. & Prof. Code § 20040.5 ("A provision in a franchise agreement restricting venue to a forum outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state.").

Because plaintiff's argument depends on the disputed fact of whether the parties entered into a "franchise agreement" under California law, the court will hold a evidentiary hearing on **March 8, 2011, at 9:00 a.m.**, Courtroom No. 5 to determine whether the parties' contract was a franchise agreement. See Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1139 (9th Cir. 2004) ("To resolve such motions when genuine factual issues are raised, it may be appropriate for the district court to hold a Rule 12(b)(3) motion in abeyance until the district court holds

2

an evidentiary hearing on the disputed facts.").

At the hearing, the court will consider oral testimony, exhibits, and affidavits.  Cf. Pendergest-Holt v. Certain Underwriters at Lloyd's of London & Arch Specialty Ins., Civil Action No. H-09-3712, 2010 WL 3359528, at *4 (S.D. Tex. Aug. 23, 2010) ("The Court agrees that typically the rules of evidence are relaxed in the bench trial and/or preliminary injunction setting. . . . The Court, however, applies the rules of evidence as they are intended, namely, to permit only reliable information into the record . . . .").

IT IS THEREFORE ORDERED that an evidentiary hearing will be held on **March 8, 2011, at 9:00 a.m.** in Courtroom No. 5 to determine whether the contract between the parties was a franchise agreement under California law and thus whether the forum selection clause is enforceable.

DATED: December 17, 2010

/s/ William B. Shubb
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE