## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

Keystone Retaining Wall Systems, Inc.,

      Plaintiff,

v.

Basalite Concrete Products, LLC, et al.,

      Defendants.

_____

Basalite Concrete Products, LLC, et al.,

      Plaintiffs,

v.

Keystone Retaining Wall Systems, Inc.,

      Defendant.

_____

Civil No. 10cv4085 PJS/JJK

Civil No. 11cv00670 PJS/JJK

**MEMORANDUM AND ORDER**

## **MEMORANDUM**

      This case was settled in the settlement conference that occurred on March 22, 2012.  The complete and final terms of settlement were recited on the record on that day.  The parties agreed that the terms of the settlement recited on the record were complete, final, and binding, and they could not be changed or revoked after the settlement was placed on the record and agreed to by the parties.  In other words, once the terms of settlement were recited and agreed to

on the record there was a binding agreement that would be enforced by the Court. The parties agreed to memorialize the settlement in a written settlement agreement, but this was not to be an opportunity to reopen negotiations. The parties agreed that this Court would resolve any dispute that arose concerning the drafting of the settlement agreement and this Court's decision on such matters would bind the parties.

The parties have presented this Court with several issues to resolve concerning the drafting of the settlement agreement. They have submitted letter briefs, affidavits, and exhibits in support of their positions on these issues, and the following constitutes the Court's ruling on these matters.

1. **Basalite's license to use Claim 21 of the '561's patent**

As part of the settlement, Keystone granted Basalite a non-exclusive right and license to use Claim 21 of the '561 patent in the manufacture and sale of Basalite's Geowall products. Keystone takes the position that there should be a geographical limitation on this license, claiming that it should be limited to the states of Washington, Oregon, and portions of Nevada and Idaho. This Court concludes, however, that the imposition of any such geographical limitation would be the insertion of a material term that was not negotiated by the parties and cannot now be inserted into the settlement to diminish the license rights of Basalite.

Keystone argues that when the parties were doing business together Basalite's license rights were restricted to these geographical areas and thus the license granted as part of the settlement must also be so limited. But no such limitation was included in the settlement terms that were agreed upon as complete and binding on March 22. Just because there was a geographical limitation on license rights when the parties were doing business together does not mean that there should be any such limitation in the future, when they will be operating independently, or even competing, in the marketplace. Substantial consideration was exchanged as part of the settlement and it is reasonable to conclude that the license granted to Basalite to use Claim 21 of the '561 patent was a geographically unrestricted license because no such limitation was expressed by Keystone.

Keystone also argues that it would not have entered into the settlement if it knew there was no such geographical limitation because Keystone has license agreements with other manufacturers throughout the United States and those manufacturers have the exclusive right to manufacture and sell Keystone products in specific territories. Thus, Keystone argues, it could not have granted an unlimited non-exclusive right to Basalite to use Claim 21 of the '561 patent to manufacture Basalite's Geowall product. To this end, Keystone has submitted an affidavit from its Vice-President of Wall Solutions, Edward Zax, who attests that Keystone has license agreements with manufacturers throughout the United

States and Canada that grant licensees the right to utilize various Keystone patent rights, trademarks, know-how, and molds "to manufacture, market and sell [Keystone] Products subject to certain conditions," and "some of these license agreements grant the licensee the exclusive right to manufacture products within a specific geographic region." (Affd. of Edward Zax at ¶¶ 5-6.) However, the settlement does not grant Basalite the right or license to manufacture or sell any Keystone <u>products</u>; indeed, Basalite is only granted a right to use a patent right. The Court is simply not persuaded by the vague language in Zax's affidavit that Keystone could not have granted Basalite a geographically unrestricted license to use Claim 21 of the '561 patent. And Keystone did not provide the Court with the actual language of any alleged exclusive license agreements with other manufacturers. If Keystone could not have granted Basalite a geographically unrestricted license, Keystone should have included this term, which would have been material to the agreement, in the final, binding settlement terms placed on the record.

    **2.**    **"No Other Rights Granted" clause**

The next argument is over the inclusion of the word "know-how" in the "No Other Rights Granted" clause. As proposed by Keystone, the clause would read:

> Basalite acknowledges and agrees that this Agreement does not grant Basalite any other rights whatsoever, including any right to use any Keystone trademark, know-how, or any other rights to use any Keystone patent, except as described in paragraph I of this

4

Agreement.

Basalite is concerned that by including the word "know-how" Keystone might be attempting to reserve some claim in the future concerning the Geowall products. Keystone denies this, but the argument has now become complicated because Keystone is concerned that by taking out the word "know-how" there will be some adverse implication that Basalite is somehow permitted to use know-how other than the know-how associated with Claim 21.  The fact of the matter is that the whole phrase "including any right to use any Keystone trademark, know-how or any other rights to use any Keystone patent" is surplusage because it is preceded by the clear wording that says that Keystone "does not grant Basalite <u>any other rights whatsoever</u>" and is followed by the equally clear wording: "except as described in paragraph I of this agreement."  To end this, the "No Other Rights Granted" clause will be as follows:

> Basalite acknowledges and agrees that this Agreement does not grant Basalite any other rights whatsoever, except as described in paragraph I of this Agreement.

### 3. Palazzo Stone

In settling this matter, Basalite agreed to release all its claims against Keystone and expressly acknowledged that all of Keystone's trademarks were valid.  In that connection, however, the parties did not include any specific agreement as to how Basalite's release of the counterclaims and its acknowledgment of the validity of Keystone's trademarks would affect the

Palazzo Stone trademark. As a result, the settlement agreement will not include any language pertaining to the Palazzo Stone trademark specifically, and thus will not include any language with respect to how and whether the parties will prepare closing documents to dispense with the administrative proceeding challenging the Palazzo Stone trademark. The settlement agreement will include only the release of all Basalite's claims against Keystone and the acknowledgement previously put on the record that all of Keystone's trademarks were valid.

### 4. Jurisdiction

The parties did not negotiate a "forum selection" or "governing law" provision that would apply to future disputes between the parties. Although the parties did give this Court the authority to promptly resolve any disputes over the language of the settlement agreement memorializing the settlement terms, this is obviously not the same as an agreement that in future disputes a Minnesota Court would have jurisdiction over the dispute or that the governing law would, by choice of the parties, be Minnesota law. The addition of a forum selection or choice of law provision of this sort in the written settlement agreement would be the addition of a material new term and thus it should not be added to the settlement agreement.

## **ORDER**

**IT IS HEREBY ORDERED** that the parties must finalize and execute the settlement agreement on terms consistent with those described in this Court's Memorandum within fourteen (14) days of this Order and must then file a stipulation of dismissal for this case.

Dated: July 3, 2012

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge